■ ROSE LO FASO et al., Appellants, v JAMAICA BUSES, INC., et al., Respondents. (And A Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered July 8, 1976, which, *inter alia,* is in favor of defendants and against them, upon a jury verdict. Judgment reversed, on the law, and a new trial granted as to all parties and causes, with costs to plaintiffs to abide the event. Plaintiffs Rose Lo Faso and Edith De Cicco were passengers on a chartered bus which was owned by defendant Jamaica Buses, Inc., and driven by defendant McKenzie Miller. While proceeding west on the Long Island Expressway, the bus lurched and bounced causing those plaintiffs to be thrown from their seats, sustaining injuries. At the ensuing negligence trial, the court committed several errors which, in combination, caused substantial prejudice to the plaintiffs and require reversal. First, the trial court did not rule on plaintiffs' 14 requests to charge the jury until after the summations, although a ruling was requested before the summations. In so doing, the Judge did not comply with CPLR 4110-b which requires that the court "shall inform counsel of its proposed action upon the requests prior to their arguments to the jury". Clearly, this placed plaintiffs' counsel, at time of summation, in the position of not knowing what the court's rulings would be with regard to the requests to charge. Ultimately, the court denied all 14 requests. Second, the trial court excluded testimony which referred to the relative speed at which the bus was traveling. Plaintiffs were attempting to show that the driver was operating the bus at an excessive rate of speed considering the road conditions. Several witnesses testified that the bus was traveling "fast", "very fast" or at a "terrific speed." Their testimony was improperly stricken. A layman is qualified to characterize the relative speed of a vehicle. Although plaintiffs' attorney often neglected to lay a foundation for such testimony by showing the prior experience of the witness in observing the rate of speed of moving objects, almost everyone today is familiar with the speed of automobiles and buses, and any person of ordinary intelligence can tell when a bus is traveling "fast" or "slow", or variations thereof. Furthermore, the trial court was overly restrictive in limiting plaintiffs' witnesses' testimony pertaining to "bumps" in the road. The trial court's exclusion of such testimony made it virtually impossible for plaintiffs to prove the negligent operation of the bus and severely prejudiced their case. Mollen, P. J., Martuscello, Cohalan and Margett, JJ., concur; Shapiro, J., not voting.