■ RICHARD MEYER, Respondent, v TOWN OF BROOKHAVEN, Appellant. [612 NYS2d 443] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated September 18, 1992, which, upon renewal, denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

On or about June 27, 1988, the plaintiff, while driving his motorcycle along North Country Road in the Town of Brookhaven, allegedly slid on an accumulation of sand in the roadway near the intersection of Valentine Road. He lost control of the vehicle, collided with a tree along the roadway and allegedly sustained serious personal injuries. His claim for damages against the defendant Town of Brookhaven is based on various theories of negligence, including the alleged failure to timely remove the accumulation of sand in the roadway and the alleged improper design and/or construction of the roadway's drainage system.

After a note of issue was filed, the Town moved for sum-

mary judgment on the ground that it had never received prior written notice of the allegedly dangerous condition as required by Town Law § 65-a (1) and Town of Brookhaven Code § 84-1.

The Supreme Court denied the Town's motion, finding that a prior written notice of a complaint filed by a property owner with respect to a similar condition in front of his residence, approximately one mile away at the end of Valentine Road, was sufficient to raise a factual issue regarding whether the requirements of the prior written notice statutes had been satisfied. Additionally, the court held that prior written notice was not required with respect to the claim that the Town had negligently designed and constructed the roadway's drainage system. We agree with the court's latter conclusion and therefore affirm the order denying the Town's motion for summary judgment.

Notice of the condition at the end of Valentine Road, approximately one mile away from the accident site, was insufficient, under the facts of this case, to create an awareness on the part of the Town, with respect to the defect which forms the basis of the instant controversy (see, *Michela v County of Nassau,* 176 AD2d 707; *O'Rourke v Town of Smithtown,* 129 AD2d 570; *Holt v County of Tioga,* 95 AD2d 934). Accordingly, we find that the prior notice in question does not satisfy the statutory requirements.

However, we agree that prior written notice was not required with respect to the allegations that the Town negligently designed and constructed the roadway's drainage system (see, *Lacey v Horan,* 119 AD2d 806; *Klimek v Town of Ghent,* 114 AD2d 614; see also, *Camera v Barrett,* 144 AD2d 515). The evidence submitted by the plaintiff in opposition to the Town's motion raised an issue of fact as to whether the allegedly negligent design and construction of the roadway contributed to the cause of the dangerous sand condition. Accordingly, summary judgment in favor of the Town was properly denied. Lawrence, J. P., Ritter, Hart and Krausman, JJ., concur.