■ LORETTA FLYNN, Individually and as Mother and Natural Guardian of CASSIE J. FLYNN, an Infant, et al., Appellants, v ROBERT J. HANKEN et al., Respondents. [617 NYS2d 855] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Morrison, J.), entered November 27, 1991, which granted the motions of the defendants Barry Kanavy, Patricia Greenafage, Charles Zimmerman, Charles Zimmerman, Jr., Brian Cooper, Parker Bagley, Mary Bagley, Shirley Dietrich, and May Suprina for summary judgment dismissing the complaint and dismissed the complaint insofar as it is asserted against them.

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

The plaintiffs commenced this action to recover damages for personal injuries sustained by the infant plaintiff when she ran through a gap in a tall hedge and was struck by a car proceeding the wrong way down a clearly marked one-way street. The driver's view of the child was obscured by the hedge. The plaintiffs allege that the street is privately owned by the defendants Paul and Eleanor Schultz, on whose property the hedge stands, and by the adjoining and neighboring landowners (hereinafter the other landowners), whose sole connection with the accident is that their properties and the Schultz's property were once a single parcel. Thus, the plaintiffs allege that the other landowners are responsible for the maintenance of the road, which was unreasonably dangerous because of the Schultz's hedge, the road's narrowness, and its lack of sidewalks, safety zones or traffic controls. The other landowners separately moved for summary judgment on the ground that they owed no duty to the plaintiff. The Supreme Court granted the motions without addressing the question of whether the road was privately owned. We affirm.

In order to recover damages for negligence, it must be shown that the defendant owes a duty of care to the plaintiff (see, Eiseman v State of New York, 70 NY2d 175). Whether a duty exists is for the court to decide (see, De Angelis v Lutheran Med. Ctr., 58 NY2d 1053). Foreseeability of the injury does not determine the existence of a duty (see, Strauss v Belle Realty Co., 65 NY2d 399). Foreseeability is used to determine the scope of the duty only after it has been determined that there is a duty (see, Pulka v Edelman, 40 NY2d 781).

The other landowners do not have a duty to maintain or control the Schultz's hedges (see, Ingenito v Rosen, 187 AD2d 487). Moreover, even if we were to find that the other landowners were responsible for maintaining the private road, there is no evidence that their actions or omissions in any way contributed to the accident in this case (see, Pulka v Edelman, supra; Daversa v Harris, 167 AD2d 810). Therefore, the Supreme Court correctly dismissed the complaint insofar as it is asserted against them. Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.