■ NORA DOHERTY et al., Respondents, v TOWN OF ORANGE-TOWN, Appellant. [633 NYS2d 526] —In an action to recover damages for personal injuries, etc., the defendant appeals (1) from an order of the Supreme Court, Rockland County (Bergerman, J.), entered April 11, 1994, which denied its motion for summary judgment, and (2) as limited by their brief, from so much of an order of the same court entered September 6, 1994, as, upon reargument, adhered to the original determination denying summary judgment.

Ordered that the appeal from the order entered April 11, 1994, is dismissed, as that order was superseded by the order entered September 6, 1994, made upon reargument; and it is further,

Ordered that the order entered September 6, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiffs were injured when the car in which they were driving hit an icy patch on a roadway known as Erie Street which was owned and maintained by the Town of Orangetown. The Town moved pursuant to Town Law § 65-a for summary judgment on the basis of lack of prior written notice of the icy condition. The Supreme Court denied the motion, and, upon reargument, adhered to the denial, finding that the plaintiffs had set forth triable issues of fact, i.e., whether the hazardous condition was related to a drainage problem of which the Town had both actual and constructive knowledge, and which the Town may have caused through defectively-made repairs.

We affirm. Town Law § 65-a requires prior written notice of a hazardous condition created by the existence of snow or ice on a roadway or bridge. The failure to prove that the Town had such written notice and refused to act to rectify the danger within a reasonable time is a complete bar to such an action (see, Town Law § 65-a [1]; Ritacco v Town/ Village of Harrison, 105 AD2d 834). However, where the mere existence or the failure of the Town to remove snow or ice is not the sole issue, the existence of the hazardous condition for such a period of time that the Town should have discovered and remedied the situation excuses the prior notice requirement under the terms of the statute (see, Town Law § 65-a [1]).

Moreover, it is well settled that where a Town has created the hazardous condition, there is no need to prove prior written notice (see, Meyer v Town of Brookhaven, 204 AD2d 699; Palkovic v Town of Brookhaven, 166 AD2d 566; Humes v Town of Hempstead, 166 AD2d 503).

The Supreme Court correctly determined that a trial is required because the affidavit of the plaintiffs' expert and the examination before trial of the foreman of the Town's highway department constitute sufficient evidence to create issues of fact with respect to whether the Town had constructive or actual knowledge, and whether the Town created the hazardous condition. Summary judgment was therefore properly denied. Miller, J. P., Thompson, Ritter and Krausman, JJ., concur.