■ PASCAL J. AMATO et al., Respondents, v COUNTY OF ERIE et al., Appellants, et al., Defendant. JACK WEST, Individually and as Executor of VELMA WEST, Deceased, Respondent, v COUNTY OF ERIE et al., Appellants, and PASCAL J. AMATO, Respondent. LOIS D. KELLY, Individually and as Executrix of ALWIN J. STEINKE, Deceased, Respondent, v PASCAL J. AMATO et al., Respondents, and COUNTY OF ERIE et al., Appellants. MARIE AMATO et al., Respondents, v COUNTY OF ERIE et al., Appellants, and LOIS D. KELLY, as Executrix of ALWIN J. STEINKE, Deceased, et al., Respondents. [669 NYS2d 104] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: These consolidated actions for wrongful death or personal injury arise out of a two-car collision that occurred at the intersection of Staley and Baseline Roads in the Town of Grand Island (Town).

In each action, plaintiff sued the Town as the owner of Staley Road and the County of Erie (County) as the owner of Baseline Road, in addition to suing the owner and/or driver of one or both vehicles. The County and Town appeal from so much of an order as denied their motions for summary judgment dismissing plaintiffs' complaints, which allege that the municipalities' control of traffic at the intersection was not based on a timely and adequate study and rendered the intersection unreasonably dangerous. Plaintiffs allege that the municipalities were negligent in failing to install a traffic light or four-way stop signs in place of the two-way stop signs at the intersection at the time of the accident. The municipalities contend that they should have been granted summary judgment because they are entitled to qualified immunity for their traffic engineering decisions and because, under the circumstances, the failure to upgrade the traffic control devices at the intersection was not a proximate cause of the accident.

We conclude that there is a triable issue of fact whether traffic control at the intersection evolved without an adequate and timely study (see, Scheemaker v State of New York, 70 NY2d 985, 986; Burgess v Town of Hempstead, 161 AD2d 616, 617; see generally, Weiss v Fote, 7 NY2d 579, 585-588, rearg denied 8 NY2d 934). The County, which the record shows was solely responsible for traffic control at the intersection, failed to establish its defense of qualified immunity as a matter of law. The record affords no basis for concluding that the County's study adequately took into account the history of numerous accidents at the intersection, nor does it show that the study could not, in the exercise of reasonable care, have been completed before the date of the accident.

We further conclude that there is a triable issue of fact concerning whether the County's failure to upgrade the traffic control devices caused or contributed to the occurrence of the accident. This is a case in which, arguably, the County's alleged negligence was not totally independent of the accident (see, Alexander v Eldred, 63 NY2d 460, 468). Thus, the issue is properly one for the trier of fact (see, Alexander v Eldred, supra, at 468; cf., Woodcock v County of Niagara, 52 AD2d 1087).

We modify the order, however, by granting the motion of the Town for summary judgment dismissing the complaints against it. Counties are responsible for traffic control at intersections of county and town roads (see, Vehicle and Traffic Law § 1651; Foehner v Bauer, 126 AD2d 941; cf., Ossmer v Bates, 97 AD2d 871, 872). The record establishes, as a matter of law, that the traffic study was undertaken by the County alone pursuant to

its responsibility, and that the Town's responsibility was limited to implementing whatever decision was made by County officials. (Appeals from Order of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.