■ MICHELLE MCCLELLAND et al., Appellants, v JOHN F. SEERY et al., Respondents, and BERNARD NEWMAN et al., Appellants. (Action No. 1.) JULIE BEIL et al., Appellants, v JENNIFER NEWMAN et al., Appellants, and JOHN F. SEERY et al.,

Respondents. (Action No. 2.) [690 NYS2d 97] —In two consolidated actions to recover damages for personal injuries, etc., the defendants Jennifer Newman and Bernard Newman appeal from an interlocutory judgment of the Supreme Court, Nassau County (DeMaro, J.), entered December 8, 1997, which, upon a jury verdict finding the defendants John F. Seery and Christine M. Seery 100% at fault in the happening of the accident and upon an order of the same court entered October 6, 1997, granting the separate motions of the defendants Seery and the plaintiffs to set aside the verdict, set aside the verdict and granted judgment as a matter of law to the plaintiff finding the defendants Jennifer Newman and Bernard Newman 100% at fault in the happening of the accident, as a matter of law, and dismissed the complaints insofar as asserted against John F. Seery and Christine M. Seery, and the plaintiffs separately appeal from so much of the same interlocutory judgment as dismissed the complaints insofar as asserted against John F. Seery and Christine M. Seery.

Ordered that the interlocutory judgment is affirmed, with one bill of costs payable by the appellants.

Undisputed evidence established that the defendant Jennifer Newman failed to yield the right of way to the defendant John F. Seery after stopping at a stop sign controlling traffic, in violation of Vehicle and Traffic Law § 1142 (a), and that her negligence was the proximate cause of the collision (see, Rumanov v Greenblatt, 251 AD2d 566; Ponticello v Wilhelm, 249 AD2d 459; Bolta v Lohan, 242 AD2d 356; Nunziata v Birchell, 238 AD2d 555; Dellavecchia v Zorros, 231 AD2d 549).

Contrary to the plaintiffs' and the Newmans' speculation that John F. Seery was contributorily negligent, the record is devoid of evidence that Mr. Seery was speeding or could have avoided the collision. Mr. Seery testified that he was traveling under the posted speed limit, and the only testimony to the contrary was a speed estimate made by Jennifer Newman, who, at the time of the accident, was 17 years old and had been driving by herself for less than one month. Further, Jennifer Newman admitted that she entered the intersection, despite the fact that her view was obstructed. After entering the intersection far enough to see the roadway, it was too late, as the Seery vehicle was two to three seconds from impact. Immediately prior to the collision, Mr. Seery reduced his speed, but could not have foreseen that the Newmans' vehicle would abruptly pull out in front of his vehicle (see, Snow v Howe, 253 AD2d 870; Maxwell v Land-Saunders, 233 AD2d 303). O'Brien, J. P., Joy and Krausman, JJ., concur.

Goldstein, J., concurs in part and dissents in part and votes to reverse the interlocutory judgment appealed from, on the law and the facts, to hold the defendant Jennifer Newman at fault in the happening of the accident, to reinstate the verdict in favor of the plaintiffs and against the defendants John F. Seery and Christine M. Seery, and to grant the defendants a new trial as to apportionment of fault, with the following memorandum: I agree with the majority that, as a matter of law, the defendant Jennifer Newman was negligent and her negligence was a proximate cause of the accident. However, in my opinion, the evidence adduced at trial established that the defendant John F. Seery's negligence contributed to the accident. Seery admitted that he saw Newman's vehicle from 20 to 25 feet away moving into his lane of travel. Acknowledging that he "wasn't sure what [Newman] was doing", he claims that he slowed down. However, he acknowledged that he made no attempt to stop until impact was inevitable, and did not sound his horn.

Seery claimed that he was traveling at about 20 miles per hour, about 10 miles per hour below the posted speed limit of 30 miles per hour (*see,* Code of Vil. of Garden City § 193-1) because of wet weather conditions (*see,* Vehicle and Traffic Law § 1180 [a]). However, according to Newman, when she saw Seery's vehicle, it was traveling at 40 to 50 miles per hour.

Upon impact, Newman's car spun around onto someone's front lawn. The whole side of Newman's vehicle "was completely smashed in". Testimony with respect to the condition of the vehicle was corroborated by photographic evidence.

Seery's failure to sound his horn and his belated attempt to stop to avoid a vehicle which he observed in his lane of travel constituted negligence which contributed to the accident (*see, Panariello v Ballinger,* 248 AD2d 452). An operator of a vehicle " 'may not proceed recklessly into [an] intersection in disregard of a vehicle traveling on an intersecting street after he knows or has reason to know that the vehicle has entered or is about to enter the intersection without stopping' " (*Beechey v De-Sorbo,* 53 AD2d 727, 728).

Moreover, the testimony that Seery was traveling at the speed of 40 to 50 miles per hour constituted competent evidence that he was traveling at an excessive rate of speed (*see, LoFaso v Jamaica Buses,* 63 AD2d 998; *Beechey v DeSorbo, supra,* at 729). As this Court noted in *LoFaso v Jamaica Buses* (*supra,* at 998), "[a] layman is qualified to characterize the relative speed of a vehicle" and "any person of ordinary intelligence can tell when a [vehicle] is traveling 'fast' or 'slow' or

variations thereof". Whether the witness has had a sufficient opportunity to observe the vehicle to estimate speed is also a matter which should be left to the trier of facts (see, Beechey v DeSorbo, supra, at 728). The jury could also infer that Seery's vehicle was traveling at an excessive rate of speed from the nature of the impact and the extent of the damage (see, Patti v Fenimore, 181 AD2d 869, 871). It was reasonable to infer that his speed was a proximate cause of the accident (see, Olsen v Baker, 112 AD2d 510).

Accordingly, the jury's verdict finding Seery to some degree at fault in the happening of the accident is supported by the weight of the credible evidence. The fact that Newman was also responsible does not absolve Seery of liability or warrant setting aside the verdict in favor of the plaintiff passengers against him (see, Agustin v Beth Israel Hosp., 185 AD2d 203).