Carpincho, J.
Appeal from an order of the Supreme Court (McGill, J.), entered October 17, 2002 in Clinton County, which denied defendant’s motion for summary judgment dismissing the complaint.
While responding to a report of a possible burglary in process, defendant, a state trooper, was driving his patrol car on a two-lane highway in heavy rain when it started to fishtail and hydroplane on the wet road. Losing control of the car, he spun around, crossed the center line and struck an oncoming vehicle, injuring both occupants. In this resulting lawsuit, defendant *651 sought summary judgment dismissing the complaint on the ground that, as a police officer engaged in an emergency operation, he can only be held liable if his conduct demonstrated a “reckless disregard for the safety of others” (Vehicle and Traffic Law § 1104 [e]; see Saarinen v Kerr, 84 NY2d 494, 501 [1994]). Supreme Court denied the motion, finding a question of fact as to whether his conduct violated that standard. Defendant now appeals.
Our review of the record reveals the following. At the time of the accident defendant had not yet completed his one-year period of probation, which began upon his graduation from the police academy. He testified at an examination before trial that his speed at the time of the present accident was between 60 and 65 miles per hour in an area where the posted speed limit was 55 miles per hour. Tellingly, however, a subsequent State Police investigation of the accident concluded that defendant’s speed was too fast for the special hazard then existing (a wet roadway), causing defendant to be subjected to disciplinary proceedings. The acting zone commander for the State Police at the time ultimately determined that the accident was “preventable ... on the part of [defendant].”
In addition, various witnesses who were either passed by defendant while driving in the same direction shortly before the accident or who observed defendant drive past their residences testified that he was going “fast,” “well in excess of 50 or 60” and “[b]etween 80 and 100.”* On this appeal, defendant argues that these nonparty opinions of speed should be rejected as without adequate foundation. In response, we need only note that persons of ordinary intelligence and experience who have had an opportunity to observe the relative speeds of motor vehicles may testify as to the speed of a particular vehicle on a particular occasion (see Shpritzman v Strong, 248 AD2d 524, 525 [1998]; People v Racine, 132 AD2d 899, 900 [1987], lv denied 70 NY2d 754 [1987]). While the basis for each witness’s experience in this regard may not have been explored in their pretrial depositions, we cannot say that their opinions should be rejected outright, especially when the task at hand is not to determine the issue, but merely to ascertain whether an issue of fact exists (see LoFaso v Jamaica Buses, 63 AD2d 998, 998 [1978]; see also Siegel, NY Prac § 281, at 443 [3d ed] [evidence inadmissible at trial may be considered on summary judgment]).
Notwithstanding defendant’s repeated emphasis on his version of his speed, the critical issue is not simply the speed of the *652 vehicle (itself a fact in dispute), but rather whether driving at that speed under the conditions of a heavy rain could be found by a jury to constitute reckless conduct (see McCarthy v City of New York, 250 AD2d 654, 655 [1998]; compare Schieren v State of New York, 281 AD2d 828, 831 [2001]; Mullane v City of Amsterdam, 212 AD2d 848, 850 [1995]). Since we find sufficient credible evidence in the record to create a question of fact on this issue, we affirm.
Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

Admittedly, this latter speed range was characterized as a “guesstimate.”