■ LORETTA FLYNN et al., Appellants, v ROBERT J. HANKEN et al., Defendants, and TOWN OF HEMPSTEAD, Respondent. [793 NYS2d 162]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered December 5, 2003, as granted that branch of the motion of the defendant Town of Hempstead which was for leave to reargue that branch of its prior motion which was for summary judgment dismissing the complaint insofar as asserted against it, and, upon reargument, granted that branch of the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 14, 1988, the then four-year-old infant plaintiff, Cassie Jo Flynn, was struck and injured by a motor vehicle owned and operated by the defendant Robert J. Hanken when she ran through a gap in a tall hedge and onto Sands Lane in the defendant Town of Hempstead.

The infant plaintiff's mother alleged, inter alia, that the Town was negligent in failing to post proper road signs in the vicinity of the accident.

"A municipality will not be held responsible for negligent design or maintenance of a highway it does not own or control" (*Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 675 [1999]). The evidence submitted by the Town in support of its motion established, prima facie, that it neither owned nor controlled Sands Lane. Indeed, this Court has previously found that Sands Lane is a privately-owned street (*see Flynn v Hanken*, 208 AD2d 802 [1994]). The evidence submitted by the plaintiffs in opposition to the Town's motion failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Therefore, the Supreme Court properly granted that branch of the Town's motion which was for reargument, and upon reargument, granted summary judgment dismissing the complaint insofar as asserted against the Town.

The plaintiffs' remaining contentions are without merit. H. Miller, J.P., Cozier, Goldstein and Skelos, JJ., concur.