RORI KUPFERMAN et al., Respondents, v COUNTY OF NAS-SAU, Respondent, and TOWN OF NORTH HEMPSTEAD, Appellant, et al., Defendants. [794 NYS2d 100]—

In an action to recover damages for personal injuries, etc., the defendant Town of North Hempstead appeals from so much of an order of the Supreme Court, Nassau County (Peck, J.), entered December 15, 2003, as denied its motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff Rori Kupferman allegedly was injured in a motor vehicle accident when her vehicle was hit by one owned by the defendant Carlos M. Varrone and operated by the defendant Jefferson Alvarado at the intersection of Glen Cove Road (a County of Nassau road) and Maple Street (a Town of North Hempstead road) in the City of Glen Cove. Her husband, the plaintiff Lloyd Kupferman, asserted a derivative cause of action. The plaintiffs alleged, inter alia, that the defendants Town of North Hempstead and the County of Nassau were negligent in failing to place a traffic control device at the subject intersection to control the flow of traffic traveling from Maple Street onto Glen Cove Road and that their failure to do so was a proximate cause of the accident.

The Town was entitled to summary judgment dismissing the complaint and cross claims insofar as asserted against it because its responsibility for traffic control at the intersection where the accident occurred would exist only if it ignored a direction by the County to install a traffic control device on its streets (see Vehicle and Traffic Law § 1651; Amato v County of Erie, 247 AD2d 846 [1998]). Since there is no evidence that the Town ignored such direction, it is not responsible for any alleged negligence in failing to install a traffic control device at the subject intersection. Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.