ALEXANDER GONZALEZ, Appellant, v LESLIE S. SCHUPAK, Respondent. [796 NYS2d 168]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bunyan, J.), entered May 13, 2004, which, upon a jury verdict in favor of the defendant and against him on the issue of liability, and upon the denial of his motions pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability made at the close of the evidence and pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law, the complaint is reinstated, the motion pursuant to CPLR 4401 for a judgment as a matter of law on the issue of liability is granted, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages, with costs to abide the event.

The plaintiff allegedly was injured when his motor vehicle collided with a motor vehicle driven by the defendant at the intersection of 5th Avenue and 2nd Street in Brooklyn. Traffic on 2nd Street was controlled by a stop sign at the intersection. The defendant testified that she stopped her vehicle at the stop sign and, because her view of traffic on 5th Avenue was blocked by a dumpster, she inched out into the intersection. She then heard the sound of the plaintiff's car, and the collision occurred in the plaintiff's lane of travel. The plaintiff testified that the defendant failed to stop at the stop sign immediately before the happening of the accident.

Viewing the evidence in the light most favorable to the defendant, there was no valid line of reasoning or permissible inferences that could have led a rational jury to conclude (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]) that her violation of Vehicle and Traffic Law § 1142 (a) or § 1172 (a) was not the proximate cause of the accident (see McClelland v Seery, 261 AD2d 451, 452 [1999]; see also Botero v Erraez, 289 AD2d 274 [2001]). The record is devoid of evidence to establish that the

plaintiff was traveling at an excessive rate of speed or that he failed to take reasonable measures to avoid the happening of the accident (*see McClelland v Seery, supra*). Accordingly, the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability should have been granted. H. Miller, J.P., Santucci, Mastro and Skelos, JJ., concur.