■ GEORGE CARLO et al., Appellants, v TOWN OF EAST FISHKILL, Respondent. [798 NYS2d 64]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated March 15, 2004, which granted the defendant's motion for summary judgment dismissing the complaint and, in effect, denied, as academic, their cross motion to compel discovery.

Ordered that the order is affirmed, with costs.

As a general rule, a municipality will not be held responsible for the negligent design of a highway it does not own or control (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 675 [1999]; *Kovalsky v Village of Yaphank*, 235 AD2d 459 [1997]; *Ossmer v Bates*, 97 AD2d 871, 872 [1983]). Moreover, a municipality cannot be held liable for the failure to maintain in a reasonably safe condition a road it does not own or control unless it affirmatively undertakes such a duty (*see Ernest v Red*

*Cr. Cent. School Dist., supra*). Here, the defendant, the Town of East Fishkill, sustained its initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidence that the accident occurred on a state highway which it did not own (*see Alcalay v Town of North Hempstead*, 262 AD2d 258 [1999]; *Silver v Cooper*, 199 AD2d 255 [1993]). The evidence that the plaintiffs submitted in opposition to the motion was insufficient to raise a triable issue of fact as to whether the Town assumed control of the subject highway, or affirmatively undertook a duty to maintain it (*see Ernest v Red Cr. Cent. School Dist., supra; Kovalsky v Village of Yaphank, supra; Murray v Wolff*, 242 AD2d 265 [1997]; *Hough v Hicks*, 160 AD2d 1114 [1990]). The plaintiffs' submissions also failed to raise a triable issue of fact as to whether the Town assumed a special duty to post a crossing guard at the accident site (*see Estate of Konstantatos v County of Suffolk*, 208 AD2d 889 [1994]; *cf. Florence v Goldberg*, 44 NY2d 189 [1978]). Furthermore, the plaintiffs' mere hope that evidence sufficient to defeat the motion may be uncovered during the discovery process did not provide a basis for denial of the motion (*see Sammarco v City of New York*, 16 AD3d 657 [2005]; *Grodski v Greenpoint Bank*, 16 AD3d 623 [2005]; *Spatola v Gelco Corp.*, 5 AD3d 469 [2004]). Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.