■ MARIANNINA CAPPIELLO et al., Respondents, v XUAN THI JOHNSON et al., Respondents, and TOWN OF ORANGETOWN, Appellant. [800 NYS2d 766]—

In an action to recover damages for personal injuries, the defendant Town of Orangetown appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (O'Rourke, J.), dated March 4, 2004, as denied its motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiffs.

Contrary to the appellant's contention, while Town Law § 65-a requires prior written notice of any icy conditions on a highway in order for the municipality to be held liable for injuries caused by those conditions, there is no need to plead or

prove prior written notice where it is alleged that a municipality created the hazardous condition (*see Doherty v Town of Orangetown*, 221 AD2d 310, 311 [1995]). Here, in opposition to the appellant's prima facie establishment of its entitlement to summary judgment, the plaintiffs raised a triable issue of fact as to whether the appellant created a dangerous condition by plowing snow onto either side of the road, where the road pitch and drainage system were such that when the snow melted, water flowed across the road. That water subsequently froze, allegedly creating the icy condition which caused the vehicle of the defendant Xuan Thi Johnson to skid and hit the plaintiffs' vehicle. Thus, the Supreme Court properly denied the appellant's motion for summary judgment.

The appellant's remaining contentions are either without merit or improperly raised for the first time in its reply brief (*see Workers' Compensation Bd. of State of N.Y. v Rizzi*, 14 AD3d 608, 609 [2005]). Cozier, J.P., Crane, Luciano and Skelos, JJ., concur.