■ JOSEPH W. HORN et al., Appellants, v TOWN OF CLARKS-TOWN et al., Respondents, et al., Defendants. [848 NYS2d 260]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Nelson, J.), dated October 6, 2005, which granted the

motion of the defendants Town of Clarkstown, Town of Clarkstown Highway Department, and the Superintendent of Highways of the Town of Clarkstown for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

"As a general rule, a municipality will not be held responsible for the negligent design of a highway it does not own or control" (*Carlo v Town of E. Fishkill*, 19 AD3d 442, 442 [2005]; *see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 675 [1999]; *Flynn v Hanken*, 17 AD3d 523, 524 [2005]). "Moreover, a municipality cannot be held liable for the failure to maintain in a reasonably safe condition a road it does not own or control unless it affirmatively undertakes such a duty" (*Carlo v Town of E. Fishkill*, 19 AD3d at 442; *see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664 [1999]; *Flynn v Hanken*, 17 AD3d at 524). Here, the movants satisfied their initial burden of establishing their prima facie entitlement to summary judgment dismissing the complaint by submitting evidence demonstrating that the accident occurred on a roadway that the Town of Clarkstown did not own or control. In opposition, the plaintiffs failed to raise an issue of fact as to whether the Town assumed control of the roadway, or affirmatively undertook a duty to maintain it (*see Carlo v Town of E. Fishkill*, 19 AD3d at 443).

The parties' remaining contentions are without merit. Miller, J.P., Ritter, Florio and Dillon, JJ., concur.