■ MARIE MUDGETT et al., Respondents, v LONG ISLAND RAIL ROAD, Appellant, and TOWN OF HEMPSTEAD, Respondent. [917 NYS2d 220]—

In an action to recover damages for personal injuries, etc., the defendant Long Island Rail Road appeals, as limited by its brief,

from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated June 24, 2009, as granted that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against it and, in effect, searched the record and awarded summary judgment to· the defendant Town of Hempstead dismissing the cross claims asserted against that defendant.

Ordered that the appeal from so much of the order as granted that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against the defendant Long Island Rail Road is dismissed, as that portion of the order was superseded by an order of the same court dated October 14, 2009, made upon reargument (*see Mudgett v Long Is. R.R.*, 81 AD3d 614 [2011] [decided herewith]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law; and it is further,

Ordered that one bill of costs is awarded to the appellant.

On March 24, 2007, at approximately 10:00 P.M., the plaintiff Marie Mudgett (hereinafter the plaintiff) allegedly tripped and fell when she stepped in a water-filled pothole in the parking lot of the Bellmore Station of the Long Island Rail Road (hereinafter the LIRR). The plaintiff and her husband, suing derivatively, commenced this action against the LIRR and the Town of Hempstead to recover damages for personal injuries she allegedly sustained as a result of the fall. The Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against the LIRR and, upon, in effect, searching the record, awarded summary judgment to the Town dismissing the cross claims asserted against it.

As a general rule, a municipality will not be held responsible for the negligent design of property it does not own or control (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 675 [1999]; *Horn v Town of Clarkstown*, 46 AD3d 621 [2007]; *Carlo v Town of E. Fishkill*, 19 AD3d 442, 442 [2005]; *Flynn v Hanken*, 17 AD3d 523, 524 [2005]). Moreover, a municipality cannot be held liable for the failure to maintain in a reasonably safe condition property it does not own or control unless it affirmatively undertakes such a duty (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d at 675; *Carlo v Town of E. Fishkill*, 19 AD3d at 442; *Flynn v Hanken*, 17 AD3d at 524). Here, the record establishes that the LIRR owns the portion of the parking lot where the plaintiff's accident occurred. However, the record also contains evidence which raised a triable issue of fact as to whether the

Town assumed the duty of maintaining that portion of the parking lot. Accordingly, the Supreme Court erred in searching the record and awarding the Town summary judgment dismissing the LIRR's cross claims for indemnification and contribution. Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur.