■ PAULA DUTKA et al., Appellants, v NIKOLETTE DANDRA ODIERNO et al., Respondents, et al., Defendants. [43 NYS3d 409]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated March 28, 2014, as granted those branches of the

separate motions of the defendants Richard Herlich and Barbara Herlich and the defendant County of Nassau which were for summary judgment dismissing the complaint insofar as asserted against each of them, and, in effect, granted the motion of the defendant Inc. Village of Massapequa Park for leave to renew that branch of its prior motion which was for summary judgment dismissing the complaint insofar as asserted against it, which had been denied in an order of that court dated September 16, 2011, and upon renewal, vacated that determination in the order dated September 16, 2011, and thereupon granted that branch of the motion.

Ordered that the order dated March 28, 2014, is modified, on the law, by deleting the provisions thereof granting those branches of the separate motions of the defendants Richard Herlich and Barbara Herlich and the defendant County of Nassau which were for summary judgment dismissing the complaint insofar as asserted by the plaintiff Brooke Dutka against each of them, and substituting therefor provisions denying those branches of those separate motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This action arises from a motor vehicle accident that occurred at the intersection of Park Boulevard and Beaumont Avenue in the defendant Inc. Village of Massapequa Park. The Village is located within the Town of Oyster Bay, in Nassau County. The plaintiffs were passengers in a vehicle driven by the defendant Michael Dutka, which collided with a vehicle operated by the defendant Nikolette Dandra Odierno. The plaintiffs allege that the accident occurred when Odierno, who was traveling eastbound on Beaumont Avenue, ran the stop sign facing her and turned left onto Park Boulevard in front of their southbound vehicle. The plaintiffs further allege, among other things, that the defendants Richard Herlich and Barbara Herlich (hereinafter the Herlich defendants), who own the property on the northwest corner of the subject intersection, were negligent in maintaining the hedges on their property in a dangerous fashion so as to obstruct the view of oncoming traffic and traffic devices at the intersection. Similarly, the plaintiffs alleged that the Village, the County, and the Town, despite prior complaints and actual notice of multiple prior accidents at the location, were negligent in failing to maintain the roadways and traffic control devices in a reasonably safe manner, and negligently permitting obstructions to remain at the location that interfered with clear lines of sight for drivers operating vehicles on Park Boulevard and Beaumont Avenue.

After the completion of discovery, the various defendants filed separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Upon renewal, the Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "A municipality that has adopted a 'prior written notice law' cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (*Abano v Suffolk County Community Coll.*, 66 AD3d 719, 719 [2009]; *see Albano v Suffolk County*, 99 AD3d 741 [2012]; *Miller v Village of E. Hampton*, 98 AD3d 1007 [2012]; *De La Reguera v City of Mount Vernon*, 74 AD3d 1127 [2010]; *Schleif v City of New York*, 60 AD3d 926 [2009]). "The only recognized exceptions to the statutory prior written notice requirement involve situations in which the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a benefit upon the municipality" (*Avellino v City of New York*, 107 AD3d 836, 837 [2013]; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Poirier v City of Schenectady*, 85 NY2d 310, 314-315 [1995]; *Miller v Village of E. Hampton*, 98 AD3d at 1008).

Here, the Village established its prima facie entitlement to judgment as a matter of law by demonstrating that it lacked prior written notice of the allegedly defective condition (*see Amabile v City of Buffalo*, 93 NY2d at 474; *Oliveri v Village of Greenport*, 93 AD3d 773 [2012]; *Rodriguez v Town of Islip*, 89 AD3d 1077 [2011]). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, a municipality's actual or constructive notice of the allegedly defective condition does not satisfy the prior written notice requirement (*see Amabile v City of Buffalo*, 93 NY2d at 475-476; *Magee v Town of Brookhaven*, 95 AD3d 1179 [2012]).

The Village also established, prima facie, that the plaintiff Paula Dutka did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The Village established, through competent medical evidence, that the alleged injuries sustained by Paula Dutka did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Ibragimov v Hutchins*, 8 AD3d 235 [2004]). The Village also demonstrated, prima facie, that Paula Dutka, who admitted that the accident caused her to

miss only one week of work, did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Cebron v Tuncoglu*, 109 AD3d 631, 632-633 [2013]). The plaintiffs did not oppose this branch of the Village's motion and, thus, failed to raise a triable issue of fact in opposition. Accordingly, the Village was also entitled to summary judgment dismissing the complaint insofar as asserted against it by Paula Dutka individually on this ground. Moreover, upon searching the record, we award summary judgment to the other defendants dismissing the complaint insofar as asserted by Paula Dutka individually on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Lewars v Transit Facility Mgt. Corp.*, 84 AD3d 1176, 1178 [2011]).

With respect to the remaining plaintiff, Brooke Dutka, the Supreme Court erred in granting that branch of the Herlich defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them by her. "A homeowner has no duty under the common law to prevent vegetation from creating a visual obstruction to users of a public roadway, but a duty to such users may be created by statute or ordinance" (*Noller v Peralta*, 94 AD3d 833, 834 [2012]). "[W]here a specific regulatory provision . . . imposes upon property owners a duty to prevent vegetation from visually obstructing the roadway, proof of noncompliance with the regulatory provision may give rise to tort liability for any damages proximately caused thereby" (*Lubitz v Village of Scarsdale*, 31 AD3d 618, 620 [2006]). Here, the Herlich defendants failed to establish their prima facie entitlement to judgment as a matter of law, as they failed to demonstrate that the hedge on their property did not constitute a visual obstruction in violation of Code of the Town of Oyster Bay, chapter 246, § 246-4.4.4, and Code of the Village of Massapequa Park, chapter 298, article I, § 298-2 (*cf. Noller v Peralta*, 94 AD3d at 834; *Lubitz v Village of Scarsdale*, 31 AD3d at 620). Moreover, the Herlich defendants did not establish, prima facie, that Odierno's conduct was the sole proximate cause of the accident (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). There can be more than one proximate cause of an accident (*see Rodriguez v Klein*, 116 AD3d 939 [2014]; *Cox v Nunez*, 23 AD3d 427, 427 [2005]), and where varying inferences as to causation are possible, resolution of the issue of proximate cause is a question for the jury (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 674 [1999]). As such, even a finding that Odierno violated the Vehicle and Traffic Law would not preclude a finding that negligence of the Herlich defend-

ants contributed to the accident (*see Poveromo v Town of Cortlandt*, 127 AD3d 835, 838 [2015]; *Cox v Nunez*, 23 AD3d at 427-428). Since the Herlich defendants failed to establish their prima facie entitlement to judgment as a matter of law, the subject branch of their motion should have been denied regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Likewise, the Supreme Court erred in granting that branch of the County's motion which was for summary judgment dismissing the complaint insofar as asserted against it by Brooke Dutka. "It has long been established that a governmental body, be it the State, a county or a municipality, is under a nondelegable duty to maintain its roads and highways in a reasonably safe condition, and that liability will flow for injuries resulting from a breach of the duty" (*Lopes v Rostad*, 45 NY2d 617, 623 [1978]; *see Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *Weiss v Fote*, 7 NY2d 579, 585-586 [1960]). Here, the County, which concedes that the section of Park Boulevard where the accident occurred was within its jurisdiction, failed to demonstrate, prima facie, that Park Boulevard was maintained in a reasonably safe condition with unobstructed sight lines, or that Odierno's conduct in failing to yield the right-of-way was the sole proximate cause of the accident (*cf. Ulicki v Jarka*, 122 AD3d 1267 [2014]). Accordingly, the subject branch of the County's motion should also have been denied regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Austin, J.P., Sgroi, Duffy and LaSalle, JJ., concur.