Miller v County of Suffolk (2018 NY Slip Op 05464)





Miller v County of Suffolk


2018 NY Slip Op 05464


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-09471
 (Index No. 32516/07)

[*1]Anthony Miller, etc., et al., respondents-appellants,
v
County of Suffolk, et al., appellants, Town of Southampton, et al., respondents, et al., defendant.


Dennis M. Brown, County Attorney, Hauppauge, NY (Christopher A. Jeffreys of counsel), for appellant County of Suffolk.
Mazzara & Small, P.C., Bohemia, NY (Timothy F. Mazzara of counsel), for appellants Hampton Outdoor, Inc., and Daniel Gil.
Siben & Siben, LLP, Bay Shore, NY (Alan G. Faber of counsel), for respondents-appellants.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondent Town of Southampton.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant County of Suffolk appeals, the defendants Hampton Outdoor, Inc., and Daniel Gil separately appeal, and the plaintiffs cross-appeal from an order of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.) dated July 24, 2015. The order, insofar as appealed from, denied the motion of the County of Suffolk and the separate motion of the defendants Hampton Outdoor, Inc., and Daniel Gil for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The order, insofar as appealed and cross-appealed from, granted the motion of the defendant Town of Southampton for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the appeal by the defendant County of Suffolk and the cross appeal by the plaintiffs from so much of the order as granted that branch of the motion of the defendant Town of Southampton which was for summary judgment dismissing all cross claims insofar as asserted against it are dismissed, as the defendant County of Suffolk and the plaintiffs are not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Town of Southampton which was for summary judgment dismissing so much of the complaint as alleged that the defendant Town of Southampton was liable for the negligent design and planning of Holzman Lane at the subject intersection, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, payable by the appellants appearing separately and filing separate briefs.
This action arises from a motor vehicle accident that occurred at the intersection of Holzman Lane and Newtown Road, in the Town of Southampton and the County of Suffolk. The plaintiffs Anthony Miller, Kendall Gamble, Corey Mims, and Maurice Richardson were passengers in a vehicle driven by the defendant Kiesha Miller (hereinafter Miller) and owned by the defendant Mary Pickney. Miller testified at her deposition that she was driving westbound on Holzman Lane when she stopped at a stop sign governing her direction of travel at the subject intersection. She testified that she looked left and right, and that her view of the northbound lane of travel on Newtown Road was obstructed by a railroad trestle. The trestle was located over Newtown Road, and to the south of Holzman Lane. Miller testified that she "crept" into the intersection in order to get a clear view of the northbound lane on Newtown Road. As she did so, the driver's side of her vehicle was struck by a truck operated by the defendant Daniel Gil, and owned by the defendant Hampton Outdoor, Inc. (hereinafter Hampton Outdoor).
Gil testified at his deposition that, prior to the accident, he was driving north on Newtown Road. Vehicles traveling north on Newtown Road were not subject to any traffic control devices at the subject intersection. Gil testified that, as he approached the intersection, the roadway had a "slight decline underneath the railroad trestle," and that the railroad trestle partially blocked his view of Holzman Lane. He testified that he did not apply his brakes before driving underneath the trestle, but he took his foot off the accelerator, thereby reducing his speed a "slight bit" to approximately 25 miles per hour, and then "coasted." Gil testified that as his vehicle was traveling underneath the trestle, he saw Miller's vehicle approximately 15 to 20 feet away from his truck, and although he applied his brakes and attempted to steer toward the left, the front of his truck struck Miller's vehicle approximately one second later.
The plaintiffs commenced this action against, among others, the Town, the County, Gil, and Hampton Outdoor. The plaintiffs alleged that Hampton Outdoor and Gil were negligent in the ownership and operation of the truck. The plaintiffs also alleged, among other things, that the Town and the County negligently planned and designed Holzman Lane, Newtown Road, and the subject intersection due to the obstruction and the limited sight and stopping distance conditions created by the railroad trestle. The plaintiffs further alleged that the Town and the County negligently maintained and failed to properly inspect Holzman Lane, Newtown Road, and the intersection, and negligently installed and maintained the traffic control devices at the intersection. Additionally, the plaintiffs alleged, in effect, that the Town and the County were negligent in failing to install a sign on Newtown Road that warned of the allegedly hazardous condition created by the railroad trestle.
The Town, the County, and Gil and Hampton Outdoor separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court, inter alia, granted the Town's motion for summary judgment, finding that the Town established, prima facie, that it did not own, design, maintain, or control the subject intersection, and that the County and the plaintiffs failed to raise a triable issue of fact in opposition. The court denied the motion of Gil and Hampton Outdoor for summary judgment, finding that they failed to establish, prima facie, that Gil did not contribute to the happening of the accident. The court also denied the County's motion for summary judgment, finding that the County failed to eliminate triable issues of fact as to whether the design of the subject intersection was reasonably safe, and whether Miller's negligence was the sole proximate cause of the accident. The County, Gil, and Hampton Outdoor appeal, and the plaintiffs cross-appeal.
A "driver who fails to yield the right-of-way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142(a) and is negligent as a matter of law" (Fuertes v City of New York, 146 AD3d 936, 937; see D'Augustino v Bryan Auto Parts, Inc., 152 AD3d 648). The driver with the right-of-way is entitled to anticipate that the other motorist will obey traffic laws that require him or her to yield (see Romero v Brathwaite, 154 AD3d 894; Adobea v Junel, 114 AD3d 818, 819). However, "a driver traveling with the right-of-way may nevertheless [*2]be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident" (Adobea v Junel, 114 AD3d at 819; see Mark v New York City Tr. Auth., 150 AD3d 980, 981; Blair v Coleman, 146 AD3d 743, 744).
In support of their motion for summary judgment, Gil and Hampton Outdoor established, prima facie, that Miller was negligent as a matter of law because she proceeded into the intersection without having a clear view of northbound traffic on Newtown Road and without yielding the right-of-way, and that her negligence was a proximate cause of the accident (see Vehicle and Traffic Law § 1142[a]; Aiello v City of New York, 32 AD3d 361, 362; Gonzalez v Schupak, 19 AD3d 367; McClelland v Seery, 261 AD2d 451, 452). However, Gil and Hampton Outdoor failed to establish, prima facie, that Miller's negligence was the sole proximate cause of the accident. The evidence submitted by Gil and Hampton Outdoor revealed triable issues of fact as to whether Gil contributed to the happening of the accident. Accordingly, we agree with the Supreme Court's denial of the motion of Gil and Hampton Outdoor for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
With respect to that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it, " [i]t has long been established that a governmental body, be it the State, a county or a municipality, is under a nondelegable duty to maintain its roads and highways in a reasonably safe condition, and that liability will flow for injuries resulting from a breach of the duty'" (Dutka v Odierno, 145 AD3d 661, 665, quoting Lopes v Rostad, 45 NY2d 617, 623; see Stiuso v City of New York, 87 NY2d 889, 890). However, a governmental body generally "will not be held responsible for the negligent design of a highway it does not own or control" (Carlo v Town of E. Fishkill, 19 AD3d 442, 442; see Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 675; Flynn v Hanken, 17 AD3d 523, 524). Similarly, a governmental body "cannot be held liable for the failure to maintain in a reasonably safe condition a road it does not own or control unless it affirmatively undertakes such a duty" (Carlo v Town of E. Fishkill, 19 AD3d at 442; see Horn v Town of Clarkstown, 46 AD3d 621, 622).
Here, in support of its motion, the Town demonstrated that it was not responsible for traffic control at the subject intersection (see Vehicle and Traffic Law § 1651; Kupferman v County of Nassau, 17 AD3d 638, 639; Amato v County of Erie, 247 AD2d 846, 847). The Town also demonstrated, prima facie, that (1) the County owned Newtown Road, (2) the County performed maintenance work on Newtown Road, (3) although the Town owned Holzman Lane, the County owned and was responsible for placing the stop sign and the stop line on Holzman Lane, (4) the Town did not assume control over the stop sign or the stop line on Holzman Lane prior to the accident, and (5) the Town did not have the jurisdiction to place a sign on a County road. In opposition, the County and the plaintiffs failed to raise a triable issue of fact as to whether the Town was responsible for traffic control at the subject intersection, or whether the Town had a duty to install a warning sign on Newtown Road regarding the allegedly hazardous condition. Therefore, we agree with the Supreme Court's determination granting those branches of the Town's motion which were for summary judgment dismissing so much of the complaint as alleged that the Town negligently installed and maintained traffic control at the subject intersection, and, in effect, failed to install a warning sign on Newtown Road regarding the allegedly hazardous condition. However, in light of the alleged obstruction and the alleged limited or inadequate sight distance condition caused by the railroad trestle, the Town failed to demonstrate, prima facie, that it could not be held liable for the alleged negligent design and planning of Holzman Lane as it approached the subject intersection (see Pioli v Town of Kirkwood, 113 AD2d 59, 61).
Further, the Town was not entitled to summary judgment dismissing so much of the complaint as alleged that the Town was negligent in designing and planning Holzman Lane on the ground that the Town did not receive prior written notice of the alleged hazardous condition (see Hughes v Jahoda, 75 NY2d 881, 883; Fu v County of Washington, 144 AD3d 1478; Betts v Town of Mount Morris, 78 AD3d 1597; Madden v Town of Greene, 64 AD3d 1117; Mosher v Town of Oppenheim, 263 AD2d 605; Meyer v Town of Brookhaven, 204 AD2d 699; Kiamie v Town of Huntington, 166 AD2d 634). However, to the extent that the pleadings alleged passive negligence [*3]or nonfeasance by the Town, the Town was entitled to summary judgment dismissing such claims because the Town demonstrated, prima facie, that it had enacted a prior written notice law and that it did not receive prior written notice of the alleged hazardous condition, and the plaintiffs failed to raise a triable issue of fact in opposition (see Bova v County of Saratoga, 258 AD2d 748, 749; Good v County of Sullivan, 198 AD2d 706, 708; Merchant v Town of Halfmoon, 194 AD2d 1031, 1032).
Additionally, the evidence submitted by the Town in support of its motion revealed the existence of triable issues of fact as to whether Miller's conduct in failing to yield the right-of-way in the subject intersection, and Gil's actions in traveling through the intersection, were the sole proximate causes of the accident (see Dutka v Odierno, 145 AD3d 661, 665; Poveromo v Town of Cortlandt, 127 AD3d 835, 838; Przesiek v State of New York, 118 AD3d 1326, 1327; Parada v City of New York, 205 AD2d 427, 428). For similar reasons, in support of its motion for summary judgment, the County failed to demonstrate, prima facie, that Miller's conduct was the sole proximate cause of the accident, and that its alleged negligence did not contribute to the accident.
The parties' remaining contentions either need not be addressed in light of our determination or are without merit.
Accordingly, we agree with the Supreme Court's denial of the County's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). However, the Supreme Court should not have granted that branch of the Town's motion which was for summary judgment dismissing so much of the complaint as alleged that the Town was liable for the negligent design and planning of Holzman Lane at the subject intersection.
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court