WEANE v. THE K. & D. M. R. Co.

1. **Evidence:** EXPERT TESTIMONY. Whether in a given case a shaded object would be rendered visible by artificial light shining from a certain specified point is not a question of technical knowledge or trained observation, but is rather a matter of judgment based upon common observation and a knowledge of the reflecting surfaces in the particular case, and is not, therefore, a proper subject for expert testimony.

*Appeal from Marion Circuit Court.*

THURSDAY, DECEMBER 14.

ACTION to recover for personal injuries. On the 21st day of October, 1874, at about eleven o'clock at night, one of the

defendant's freight trains ran off of the track at Comstock Station and was wrecked. The accident was caused by the switch being thrown back and locked on the side track, whereby a break was left in the main line. The plaintiff, who was employed upon the train as fireman, received severe injuries. Trial by jury. Verdict for plaintiff. Defendant appeals.

*Gillmore & Anderson* and *Stone & Ayres*, for appellant.

*Curtis & Gesman* and *Miller & Sons*, for appellee.

ADAMS, J.—The evidence showed that the night was dark and misty. The defendant upon the trial introduced witnesses who testified in substance that, a short time before the accident, they saw the station agent at the switch with a lantern in his hand, and saw him set up the switch and lock it and leave it in its proper condition. To rebut this evidence the plaintiff introduced as a witness one Tully, an experienced railroad man, and asked him the following question: "Suppose there was a man standing by the side of the switch that night and holding a lantern such as you have described in his hand a foot or two from the ground, how far away from the target could a man see the top of the target, or any part of the target above the lantern?" To this question the defendant objected as incompetent, irrelevant and immaterial. The court overruled the objection, and the witness answered: "He could not see the top of the target if he stood right along side of it. He could see the target post as far as the light shone and no farther."

1. EVIDENCE: expert testimony.

In admitting this testimony, we think that the court erred. The subject was not a proper one for expert testimony. Of course if no direct light from the lantern shone upon the target, and no light from the lantern was reflected upon it, it could not be seen by reason of the lantern. Indeed, if the lantern was between the target and the spectator, it might have served to render the target invisible. At the same time it is certain that some light must have been reflected upon it, if there were any objects illuminated by the lantern and visible from the target. The reflected light might have been

very small. It might have been insufficient to render the target visible. Whether it would have that effect or not would depend upon the character and proximity of the reflecting objects. As to the tendency, there is no question. Everybody knows that the light from a burning building in the night will render many an object visible upon which the light does not shine directly. A room may be very considerably illuminated by a lamp so placed as not to shine directly into it. The light from a lantern differs from that of a burning building only in degree. Whether in either case a shaded object would be rendered visible by the light is not a question of science, or technical knowledge, or trained observation. It is a question of ordinary judgment, based upon common observation, and a knowledge of the reflecting surfaces in the particular case.

REVERSED.

SEEVERS, CH. J., having been of counsel in this case, took no part in its determination.