VINCENT MARR, appellee, v. ALBERT OLSON et al., appellants.

No. 47547.

(Reported in 40 N.W. 2d 475)

JANUARY 10, 1950.

Zastrow & Noah, of Charles City, and R. G. Cummings, of Osage, for appellant Allert Olson.

Larson & Carr, of Charles City, for appellant Halvor Tinglestad.

Elwood, Lyons & Elwood, of Cresco, and Carl F. Conway, of Osage, for appellee.

HALE, J.—Action for damages growing out of a highway collision involving several cars and a farm tractor. The plaintiff's petition charges negligence of Tinglestad in failing to have his automobile under proper control; in driving his car from the right-hand side of the highway into the Bistline car on the left-hand side of the highway, thus causing it to run into or strike the car driven by Marr; and that Tinglestad was negligent in that he suddenly decelerated the speed of his car and suddenly

changed the course of his car without giving any appropriate signal; that Tinglestad was negligent in failing to keep a proper lookout for cars driven upon the highway and prevent a collision therewith.

Plaintiff charges that the defendant Olson was negligent in operating the farm tractor and trailer upon the highway at the time and place of the accident without the proper lights and reflectors required by law. Plaintiff pleads that the negligence of Olson and the negligence of Tinglestad were both the proximate cause of the injuries, and that he himself was not guilty of contributory negligence.

Both defendants plead denial, and Olson filed cross-petition against Marr, claiming negligence in driving at a high rate of speed, failing to observe Olson's tractor, failing to have his automobile under proper control under the conditions then existing, failing to yield to defendant Olson's employee the right of way, and failing to pass Olson's vehicle on the left-hand or north side of the highway, although there was plenty of room for him to pass in the ordinary course of travel, and alleging that the negligence of the plaintiff was the sole and proximate cause of the damage to Olson's trailer.

Plaintiff filed reply to answer Olson, denying generally the allegations thereof, and also filed a reply to the answer of Tinglestad, denying the allegations as to contributory negligence in said answer.

Marr, the plaintiff, was driving from his farm on the Mitchell road northwest of Osage in the evening of October 25, 1946. He left his farm about 5:30 p. m. in a 1946 Ford station wagon, with lights turned on, drove south on the Mitchell road to its intersection with highway No. 9 where he stopped for the arterial highway. He was passed at that point by Halvor Tinglestad, one of the defendants, who was driving east on the south side of highway No. 9 in his 1941 Ford pickup truck, with lights turned on, and in the direction of Osage. Marr followed Tinglestad at approximately two hundred to two hundred fifty feet and at a speed of forty to fifty miles per hour for about two miles, near the point where the collision occurred.

There are two hills on No. 9 near this point—Ryan hill, and about twelve hundred feet east is Sugar Creek hill. As Marr

came over the top of Ryan hill he saw two pairs of lights approaching from the east on the other side of Sugar Creek hill. He continued to follow the Tinglestad car at approximately two hundred to two hundred fifty feet until just west of the crest of Sugar Creek hill when the Tinglestad car suddenly decelerated and veered sharply to the left or north side of the pavement striking the first of two westbound cars which was owned and driven by Bistline.

When Marr saw Tinglestad put on his brakes he also put on his brakes and slowed down to twenty miles per hour. Marr testified that when Tinglestad veered to the left he was fifty to seventy-five feet behind and going twenty miles per hour. Marr testified that after Tinglestad collided with the Bistline Ford pickup that it in turn turned left into the south line of traffic and sideswiped the Marr station wagon, causing Marr to lose control of his car. Whereupon, he ran into the rear end of a load of stone being drawn eastward by a farm tractor owned by the defendant Olson, and traveling without rear lights. There was evidence that it was dark at the time of the collision. Also evidence that Tinglestad had been drinking.

Trial to a jury. The court overruled motions for directed verdict separately made by defendants at the close of plaintiff's case. Verdict for the plaintiff. Each defendant filed a motion for judgment notwithstanding verdict, and a motion for new trial, which were overruled. Judgment for plaintiff against both defendants, and defendants appeal. Defendants each filed a separate brief and argument. Each adopted the assigned errors of the other.

Defendant Tinglestad assigns four alleged errors, in substance, that the court erred in overruling motions (1) for a directed verdict at the close of plaintiff's testimony (2) for a directed verdict renewed after all parties rested (3) for judgment notwithstanding verdict, and (4) by adoption of errors assigned in defendant Olson's brief which consisted of two: (a) that the trial court erred in permitting witnesses to testify that it was dark, and (b) that the trial court erred in giving instruction No. 18 and in submitting to the jury the question of whether or not there was sufficient light to render clearly discernible

persons or vehicles on the highway at a distance of five hundred feet.

I. With reference to the first three assignments it might be said that they are too general in that the motions referred to have various grounds and the assignments therefore are indefinite. However, in argument there are only two brief points, and we may consider the argument with reference to them. These are (1) "the plaintiff failed to prove by the greater weight or preponderance of the credible evidence that he was free from contributory negligence," and (2) "the plaintiff failed to prove by the greater weight or preponderance of the credible evidence that the negligence of the defendant Tinglestad, if any was shown, was the proximate cause or one of the concurrent causes of the injuries and damages for which the plaintiff brought this suit." In the first place, the greater weight or preponderance of the evidence is for the jury, the requirement being that there must be sufficient credible evidence to constitute a dispute. The jury are the judges of the facts and if there is a disputed fact it is not for the court to determine, as a matter of law, the sufficiency of such evidence.

II. The defendant Tinglestad first argues the contributory negligence of the plaintiff, Marr. He argues the fact that the plaintiff said he could not stop within thirty feet at twenty miles per hour (as required by section 321.431, Code of 1946), together with the fact that he did not so stop although he had ample opportunity, notice and warning to do so, makes the conclusion irresistible that either the brakes were inadequate or that the plaintiff was negligent in the operation of his Ford station wagon. We do not think that the evidence so shows. The plaintiff, as a witness, testified that he was approaching at twenty miles per hour, but that when struck by the Bistline car his foot was thrown off the brake and for that reason he failed to apply further pressure to the brake. What the defendant describes as plaintiff's indifference to conditions created by his own act of driving too closely behind Tinglestad, disregards the testimony of Marr, and it was for the jury to determine the extent of Marr's negligence in this respect, taking into consideration all the facts. The jury could have found that the failure to stop in time after observing the deviation of Tinglestad's car from the road was

caused by no fault of the plaintiff. Tinglestad states that the plaintiff was driving twenty miles per hour when Tinglestad veered to his left and he was still going twenty miles per hour when the Bistline and Tinglestad cars collided. Plaintiff's testimony in this respect explains this statement and if believed by the jury failure in this respect would not constitute contributory negligence, and apparently it was so believed.

Tinglestad further claims that the record shows that if Marr, who was driving behind him, had looked ahead four hundred or five hundred feet as he drove down Ryan hill toward Sugar Creek hill he could have seen the tractor and load of rock, and that this constituted contributory negligence. However, there were various witnesses who testified that it was dark at the time. It does not necessarily follow that he was driving too close behind the Tinglestad pickup.

Defendant refers to the position of the cars after the accident; that the physical facts establish contributory negligence of plaintiff. However, all the cars were in motion after striking each other, and their positions and relative positions after the collision would be of very little value. These facts are not so conclusive as to create a question of law, and, at most, are to be considered with other facts by the jury.

III. Tinglestad also raises the question of proximate cause, and he alleges that the plaintiff failed to prove by a preponderance of the evidence that one or more acts of negligence of the defendant Tinglestad was the proximate cause or one of the proximate causes for the damage for which the plaintiff brought this suit. We cannot agree. There was ample testimony to show that the deviation of Tinglestad combined with the failure to display lights, as charged, caused the injury to plaintiff and to his car. The jury could well have found, and did so find, that the act of Tinglestad in turning sharply to the left was a proximate cause and set in motion the other resulting movements of the cars, and that the absence of lights on the Olson tractor contributed to the damage. None of the facts argued by defendant can overcome the fact that there was evidence of negligence on his part, and that the jury could so find. Rogers v. Jefferson, 224 Iowa 324, 275 N.W. 874; Gearhart v. Des Moines Railway Co., 237 Iowa 213, 21 N.W. 2d 569, and cases cited;

Sanford v. Goodridge, 234 Iowa 1036, 13 N.W. 2d 40; Kaffenberger v. Holle, 237 Iowa 542, 22 N.W. 2d 804, and cases cited; Yance v. Hoskins, 225 Iowa 1108, 281 N.W. 489, 118 A. L. R. 1186; Sergeant v. Challis, 213 Iowa 57, 238 N.W. 442, and cases cited.

■ IV. The argument of Olson, whose tractor with the wagon trailer driven by his employee was immediately in front of the Tinglestad car, is composed of the two errors assigned. First, the admission of testimony on behalf of the plaintiff that it was dark at the time of the collision, and second, in giving instruction No. 18. The question of whether it was dark or not was entirely a question for the jury. The court permitted various witnesses to testify that it was. In this the court was correct. A witness may testify it was dark. Lamb v. Southern Railway, 86 S. C. 106, 67 S.E. 958, 138 Am. St. Rep. 1030. Whether an object is rendered visible by light is a question of ordinary judgment based on common observation. Weane v. Keokuk & D. M. R. Co., 45 Iowa 246. An opinion may be given by witnesses having full opportunity for observation as to whether it was dark or daylight. 20 Am. Jur., Evidence, section 803. A witness may state a fact known to him or what he observed. 22 C. J., Evidence, section 611; 32 C. J. S., Evidence, section 459.

■ It was admitted in the record that the sun set between 5:16 and 5:19 p.m. on October 25, 1946, the date of the accident. Defendant Olson argues that all of the evidence then as to whether it was light or dark becomes a matter of condition of the weather whether obstructions to light, such as fog, smoke, dust or any condition of weather that would impede visibility, and it did not become a question whether it was light or dark because as a matter of law it is light until thirty minutes after sunset. Defendant states that it is true that this accident occurred shortly before the time that it was time, under the statute, to have lights. Section 321.384, Code of 1946, provides:

"1. Every vehicle upon a highway within this state at any time from a half hour after sunset to a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of five hundred feet ahead shall display lighted lamps and illuminating devices as hereinafter respectively re-

quired for different classes of vehicles, subject to exceptions with respect to parked vehicles as hereinafter stated."

Other provisions refer to head lamps on motor vehicles, motor signals, and rear reflectors.

There was evidence from which the jury could have found that not only was it dark, as was testified to, but it was a dark, cloudy afternoon. "It was a dark, cloudy day and had gotten dark very rapidly." The evidence of Tinglestad himself was that "things got pretty smoky there for a while," and there was testimony that the tractor and trailer were not discernible at a distance of five hundred feet. There was also testimony that they were. Clearly, there was a conflict as to this condition, but sufficient for the jury to determine that they were not so discernible, and therefore not in compliance with the law.

It is admitted that Olson had no rear red lamps or reflectors which are required by section 321.387 and following sections, Code of 1946. It is unnecessary to set out in detail the testimony referred to, but it was sufficient to constitute a fact or facts as to visibility and darkness for the jury.

V. In relation to the assignment of error in giving instruction No. 18, the part excepted to was as follows:

"If you find there was not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of 500 feet, then the failure of the defendant Olson to have rear lamps and have them lighted was negligence; if there was sufficient light, then the failure to have such rear lamps was not negligence."

The argument of Olson in this respect is that the court should take judicial notice that it was daylight at the time in question. Unless it was shown by proper evidence that the visibility was in some way obstructed, the question of light should not be submitted to the jury. However, we have referred to this in the preceding division.

Considering the testimony of witnesses who testified that it was dark, and that the visibility was obscured, and the authority noted, we think it is clearly established that the court should not take judicial notice that it was daylight at the time in question. The requirements of the statute that lights should be dis-

played one-half hour from sunset are not controlling. There was evidence of obscure visibility and there was evidence as to the condition of the day. Manifestly, the jury could have found that it was necessary to display lights and they did so find.

Other questions are raised by the parties, which we find it unnecessary to discuss. Having found for the plaintiff as to all disputed facts the court was right in overruling the motions for judgment notwithstanding the verdict, and for motions for new trial, and in entering judgment on the verdict for the plaintiff. Having so found, the ruling of the court was correct, and the cause must be and it is affirmed.—Affirmed.

All JUSTICES concur.