■ CHARLOTTE SOUSIE et al., Appellants, v LANSINGBURGH BOYS AND GIRLS CLUB, INC., Respondent. [738 NYS2d 396] —Carpinello, J. Appeal from an order of the Supreme Court (Canfield, J.), entered May 23, 2001 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint.

At approximately 9:20 P.M. on May 29, 1999, plaintiff Charlotte Sousie (hereinafter plaintiff) exited defendant's premises after attending bingo. While descending a set of stairs, she fell on the last step believing, mistakenly, that she had reached the sidewalk. In this lawsuit, plaintiffs allege that defendant failed to adequately light the building exit and the adjoining set of stairs resulting in injury to plaintiff. Supreme Court granted defendant summary judgment dismissing the complaint. We are compelled to reverse.

The record reveals that two globe lights controlled by a switch inside the building, as well as a sensor light that supposedly turns on automatically at dark, typically illuminate the front entrance and stairwell of defendant's facility. Defendant concedes, however, for the purpose of its motion, that none of these lights was on when plaintiff fell. Notwithstanding, it claims that summary judgment in its favor was still appropriate since it established that the area was sufficiently lit for plaintiff to see the stairs. Specifically, defendant submitted

affidavits from its executive director and an "expert" (i.e., an architect) who each averred that street lights and the moon provided sufficient lighting on the stairs that evening. Assuming, without deciding, that these averments were enough to satisfy defendant's initial burden as the proponent of summary judgment, plaintiffs sufficiently contradicted the issue of lighting on the stairway in their opposition papers.

Plaintiff acknowledged at an examination before trial that street lights were present in the vicinity of defendant's facility and that same were on that night. Nevertheless, she also clearly testified that it was "black" at the bottom of the stairs. Indeed, according to plaintiff, had she been able to see the bottom step, she would not have fallen. Plaintiff's daughter, who was waiting for plaintiff on the street outside the facility, similarly averred that "it was very dark in the area" of the stairs. Additionally, a disinterested witness who was proceeding directly behind plaintiff down the stairs averred that as plaintiff "was near the bottom of the steps, it was very dark because the light was out. It was very hard to see." Plaintiff's testimony, coupled with these eyewitnesses' averments, created an issue of fact as to whether the stairway was sufficiently illuminated that evening (see, Butzer v Scharf, 263 AD2d 862).

Finally, contrary to defendant's contention, which was adopted by Supreme Court, plaintiffs were not obligated to present expert evidence to rebut the issue of lighting. Rather, the averments of the various eyewitnesses unequivocally establishing that defendant's building lights were not on prior to plaintiff's fall and that the area of the accident was dark were sufficient to oppose the motion. Suffice it to say, whether a stairway is sufficiently lit for the purpose of safe traverse is a matter within the common knowledge of a layperson (see, e.g., Bermeo v Rejai, 282 AD2d 700, 701; Chafoulias v 240 E. 55th St. Tenants Corp., 141 AD2d 207, 211; see generally, Rojas v Supermarkets Gen. Corp., 238 AD2d 393, lv denied 91 NY2d 814; Fisch, NY Evidence § 413, at 263-264 [2d ed]; but see, Christoforou v Lown, 120 AD2d 387).

Mercure, J.P., Crew III and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.