■ Lori Noller et al., Respondents, v Miguel Peralta et al., Defendants, and Robert McCreanor et al., Appellants. [941 NYS2d 703]—

In an action to recover damages for personal injuries, etc., the defendants Robert McCreanor and Barbara McCreanor appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated March 25, 2011, as (a) granted that branch of the plaintiffs' motion which was for leave to reargue the plaintiffs' opposition to their prior motion for summary judgment dismissing the complaint insofar as asserted against them, which had been granted in an order of the same court dated January 20, 2011, and, upon reargument, vacated the original determination in the order dated January 20, 2011, and thereupon denied their prior motion for summary judgment dismissing the complaint insofar as asserted against them, and (b) granted that branch of the plaintiffs' motion which was for leave to amend their bill of particulars.

Ordered that the order dated March 25, 2011, is affirmed insofar as appealed from, with costs.

The facts of this case are described in our decision and order on the companion appeals (see Noller v Peralta, 94 AD3d 830 [2012] [decided herewith]).

The Supreme Court did not improvidently exercise its discretion in granting that branch of the plaintiffs' motion which was for leave to reargue their opposition to the prior motion of the defendants Robert McCreanor and Barbara McCreanor (hereinafter together the McCreanors) for summary judgment dismissing the complaint insofar as asserted against them. In deciding the prior motion, the Supreme Court declined to consider the plaintiffs' contention, raised in opposition to the motion, that the McCreanors had violated a duty to the plaintiffs created by the Code of the Town of Cornwall § 158-14 (B) (1). The plaintiffs failed to allege in their complaint the violation of that duty and did not specify it in their bill of particulars. Nevertheless, the McCreanors were on notice from the commencement of the action that their liability was predicated on the allegedly danger-

ous condition caused by their hedges in visually obstructing the intersection, and they were aware no later than January 2010, eight months before they made their motion for summary judgment, that the ordinance would likely be asserted as a basis for liability. At a deposition of the Town's Building Inspector, the applicability of the ordinance was raised (*cf. Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523, 524 [2005]). Consequently, the Supreme Court did not improvidently exercise its discretion in granting leave to reargue to consider this contention, which was raised by the plaintiffs in their opposition to the McCreanors' prior summary judgment motion (*see Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 281 [1978]; *Gold Connection Discount Jewelers v American Dist. Tel. Co.*, 212 AD2d 577, 578 [1995]; *Ayala v V & O Press Co.*, 126 AD2d 229 [1987]; *see generally* 7-R3212 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.10 [2012]; *cf. Pinn v Baker's Variety*, 32 AD3d 463, 464 [2006]).

Upon reargument, the Supreme Court properly denied the McCreanors' motion for summary judgment dismissing the complaint insofar as asserted against them. A homeowner has no duty under the common law to prevent vegetation from creating a visual obstruction to users of a public roadway, but a duty to such users may be created by statute or ordinance. A homeowner may then be held liable in tort for damages proximately caused by a violation of that duty (*see Lubitz v Village of Scarsdale*, 31 AD3d 618, 620 [2006]).

Here, the McCreanors established their prima facie entitlement to judgment as a matter of law by submitting evidence that they did not violate a common-law duty to the plaintiffs by the alleged visual obstruction caused by the hedges on their property, and, in any event, that the plaintiffs' injuries were not caused by the alleged visual obstruction. In opposition, however, the plaintiffs raised triable issues of fact as to whether the McCreanors violated a duty created by the Town Code and as to whether such violation proximately caused damages (*cf. Stukas v Streiter*, 83 AD3d 18, 30 [2011]). Code of the Town of Cornwall § 158-14 (B) provides that "[a]t all street intersections in all districts, no obstructions to vision, including landscaping, exceeding 30 inches in height above curb level shall be erected or maintained on any lot within the triangle formed by the street lines of such lot and a line drawn between points along such street lines 30 feet distant from their point of intersection" (Code of Town of Cornwall § 158-14 [B] [1]). The testimony of both the injured plaintiff, Lori Noller, and the defendant Miguel Peralta created a triable issue of fact as to

whether the McCreanors' hedges caused a visual obstruction in violation of Town Code § 158-14 (B) (1), and as to whether such alleged violation was a proximate cause of the subject accident.

The Supreme Court also properly granted that branch of the plaintiffs' motion which was for leave to amend their bill of particulars to specify the violation of the ordinance as a basis for liability (*see Alvord & Swift v Muller Constr. Co.*, 46 NY2d at 281; *Jara v New York Racing Assn., Inc.*, 85 AD3d 1121, 1123 [2011]).

In light of our determination, we need not address the parties' remaining contentions (*see generally Construction by Singletree, Inc. v Lowe*, 55 AD3d 861 [2008]). Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.