Filed 9/14/21  Grant v. Morse CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| BRETINA GRANT, | |
| Plaintiff and Appellant, | C090162 |
| v. | (Super. Ct. No. SC20170031) |
| LAURIE MORSE, | |
| Defendant and Respondent. | |

Laurie Morse invited six or seven female friends, including Bretina Grant, to a holiday party at her home.  According to Morse, Grant drank three or four glasses of wine and the women shared a marijuana joint.  In addition, Morse's boyfriend Joe Cascio served Grant a margarita.  Grant did not appear drunk when she left the party.

1

Soon after she left the party, Grant returned holding her arm and saying she had tripped over a toolbox and fallen in Morse's yard. The toolbox was in an area near the side of the house where Morse's son worked on cars, and a light in the area of the workshop was off. Grant had a flashlight in her pocket but did not use it.

Grant sued Morse for negligence and moved in limine to preclude, among other things, counsel statements or lay witness testimony that Grant was intoxicated or that a flashlight could have prevented her fall.

In ruling on the in limine motion, the trial court said counsel could say in opening statement that Grant had been drinking, but could not reference intoxication or drunkenness. The trial court added that if a witness testified about those things, counsel for Grant could address it on cross-examination. The trial court would allow questions on whether Grant smoked marijuana that night, and it would not limit testimony on whether Grant had a flashlight in her pocket.

A jury found that Morse was not negligent in the use or maintenance of her property, and judgment was entered in favor of Morse and against Grant.

Grant now contends (1) expert testimony was required to explain the effects of alcohol and marijuana consumption to the jury and to proffer a defense that the use of a flashlight could have prevented Grant's fall; (2) evidence of Grant's alcohol and marijuana consumption was irrelevant because there was no evidence she was intoxicated; (3) evidence that Grant had a flashlight in her pocket but did not use it was irrelevant; and (4) the challenged evidence was unduly prejudicial.

We conclude (1) Morse did not offer lay opinion testimony that Grant was intoxicated, and expert opinion testimony was not required regarding use of a flashlight; (2) evidence of Grant's alcohol and marijuana consumption was relevant to whether her conduct was a substantial factor in causing her injuries; (3) evidence that Grant had a flashlight but did not use it was also relevant to causation; and (4) the trial court did

2

not abuse its discretion in admitting the challenged evidence under Evidence Code section 352.

We will affirm the judgment.

## DISCUSSION

### I

Grant argues expert testimony was required to explain the effects of alcohol and marijuana consumption to the jury and to proffer a defense that the use of a flashlight could have prevented Grant's fall.

At the time of the trial court's in limine ruling, Morse did not seek to offer lay opinion testimony that Grant was intoxicated. Rather, Morse proposed to present evidence about how much wine Grant had consumed, that Grant smoked marijuana at the party, and about any conduct by Grant that would indicate Grant was intoxicated. Such testimony was admissible. (See *People v. Gurule* (2002) 28 Cal.4th 557, 621-622 [finding no error in allowing a lay witness to testify about his observations of another individual's behavior]; *Dickey v. Dunn* (1927) 80 Cal.App. 724, 728 [holding that witnesses' testimony as to observed facts was properly admitted].) The claim that evidence of the observations of lay witnesses is inadmissible in the absence of expert testimony regarding the effects of alcohol and/or marijuana consumption is without merit.

Regarding the flashlight evidence, expert opinion testimony is not required when the subject of the testimony is not beyond the common experience of an average juror. (*People v. Lewis* (2008) 43 Cal.4th 415, 504.) Grant said she "couldn't see jack out there in the dark, literally." Expert testimony was not necessary to aid the jury in determining whether a light would have illuminated tripping hazards along the dark path. Such a matter is within the common knowledge, experience and understanding of the average lay juror. (*Sousie v. Lansingburgh Boys & Girls Club Inc*. (N.Y.App.Div. 2002) 291 A.D.2d 619, 620 [738 N.Y.S.2d 396] [stating that whether a stairway was sufficiently lit for the purpose of safe traverse was a matter within the common knowledge of a layperson]; see

3

*State v. Henderson* (2011) 27 A.3d 872, 906 [208 N.J. 208], modified on another point in *State v. Anthony* (2019) 204 A.3d 229 [237 N.J. 213] [stating, in the context of eyewitness identification, that everyone knows poor lighting makes it harder to see well]; *Marr v. Olson* (1950) 40 N.W.2d 475, 479 [241 Iowa 203] [holding that a witness may testify that it was dark at the time of the collision because "[w]hether an object is rendered visible by light is a question of ordinary judgment based on common observation"].)

## II

Grant next contends that evidence of her alcohol and marijuana consumption on the night of the incident was irrelevant because there was no evidence that she was intoxicated.

A trial court has broad discretion in determining the admission and exclusion of evidence. (*Donlen v. Ford Motor Co.* (2013) 217 Cal.App.4th 138, 148 (*Donlen*); *Greer v. Buzgheia* (2006) 141 Cal.App.4th 1150, 1156.) We review in limine rulings as to the admissibility of evidence for abuse of discretion. (*People v. Alvarez* (1996) 14 Cal.4th 155, 203; *Colombo v. BRP US Inc.* (2014) 230 Cal.App.4th 1442, 1474.) The party challenging the trial court's evidentiary ruling must make a clear showing that the ruling exceeds the bounds of reason under all of the circumstances. (*Id.* at pp. 1474-1475; *Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 281.)

"Only relevant evidence is admissible. [Citation.] Evidence is relevant if it has 'any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action.' " (*Hernandez v. County of Los Angeles* (2014) 226 Cal.App.4th 1599, 1613 (*Hernandez*).) At the time of the in limine ruling, the parties presented deposition testimony that Grant drank either two glasses or most of a bottle of wine and shared a marijuana joint with others within the two-hour period before she fell. Evidence that Grant consumed alcohol and smoked marijuana before she fell while walking in complete darkness had a tendency in reason to show whether Grant's acts or

4

omissions were a substantial factor in causing her injuries. (See *Zavala v. Regents of University of California* (1981) 125 Cal.App.3d 646, 649 [stating that whether a plaintiff's voluntary intoxication may amount to negligence contributing to injuries was a question of fact for the jury].)

In any event, Grant has not shown prejudice. "A judgment will not be set aside based on the erroneous admission of evidence unless 'the reviewing court is convinced after an examination of the entire case, including the evidence, that it is reasonably probable a result more favorable to the appellant would have been reached absent the error. [Citations.] Prejudice from error is never presumed but must be affirmatively demonstrated by the appellant.' " (*Hernandez, supra*, 226 Cal.App.4th at p. 1616.) Portions of the trial proceedings were not transcribed and it appears that at least one more witness testified at the trial but a transcript of that testimony is not in the record on appeal. Thus, we do not know what additional evidence was presented at the trial regarding any effect the consumption of alcohol and/or marijuana had on Grant. It is the appellant's burden to provide an adequate appellate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 [concluding that the Supreme Court could not evaluate the plaintiff's contentions absent an adequate record]; *In re Hochberg* (1970) 2 Cal.3d 870, 875 [stating that an appellate court's review is limited to matters contained in record and not those suggested in the briefs].)

### III

Grant further argues the flashlight evidence was irrelevant.

At the time of the in limine ruling, the parties presented deposition testimony that Grant had a flashlight in her pocket but did not use it even though she could not see anything as she walked along the side of Morse's house. That evidence had a tendency in reason to show whether Grant's acts or omissions were a substantial factor in causing her injuries. Although Grant argues the flashlight evidence was irrelevant without additional evidence that the flashlight would have prevented Grant's injuries, the jury did not

5

necessarily require additional evidence to infer that a light would have illuminated tripping hazards along the dark path. Moreover, because the appellate record is incomplete, Grant has not established prejudice.

IV

Grant claims the challenged evidence was unduly prejudicial in that it was presented to elicit an emotional response, i.e., that Grant was irresponsible.

Evidence Code section 352 gives a trial court broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the probability that its admission will necessitate undue consumption of time or create substantial danger of undue prejudice, confusing the issues or misleading the jury. (*Hernandez, supra*, 226 Cal.App.4th at p. 1613; *Donlen, supra,* 217 Cal.App.4th at p. 150.) The undue prejudice section 352 is designed to avoid is not the prejudice to a defense that naturally flows from relevant evidence. (*Donlen,* at p. 150.) Rather, undue prejudice refers to evidence that " ' " 'uniquely tends to evoke an emotional bias against [a party] and which has very little effect on the issues.' " ' " (*Ibid.,* italics omitted.) We review a trial court's ruling under section 352 for abuse of discretion. (*Ibid.*)

Evidence of Grant's alcohol consumption, use of marijuana and failure to use the flashlight in her pocket as she walked along a dark path was probative of the cause of Grant's fall and whether Grant's acts or omissions contributed to cause her injuries. Grant did not contend that admission of the evidence would necessitate undue consumption of time. And because the evidence showed that both Grant and Morse smoked marijuana, the challenged evidence had no unique tendency to invoke an emotional bias against Grant unrelated to its relevance. The trial court was within its discretion in admitting the challenged evidence under Evidence Code section 352.

DISPOSITION

The judgment is affirmed.  Respondent shall recover her costs on appeal.
(Cal. Rules of Court, rule 8.278(a)(1) & (2).)


                                                  /S/
                                             MAURO, J.


We concur:


    /S/
BLEASE, Acting P. J.


    /S/
DUARTE, J.