Hernandez-Muniz v Sarah Lawrence Coll. (2025 NY Slip Op 50991(U))

[*1]

Hernandez-Muniz v Sarah Lawrence Coll.

2025 NY Slip Op 50991(U)

Decided on June 17, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 17, 2025
Supreme Court, Westchester County

Rocia Hernandez-Muniz, Plaintiff,

against
Sarah Lawrence College, Defendant.

Index No. 63957/2024

Mark Edward Goldberg, Esq.
Attorney for Plaintiff
316 Westchester Avenue
Port Chester, N.Y. 10573
Hodgson Russ LLP
Attorneys for Defendant 
1800 Bausch & Lomb Place
Rochester, New York 14604-2713

Linda S. Jamieson, J.

The following papers numbered 1 to 4 were read on this motion:
Paper   Number
Notice of Motion, Affirmation and Exhibits 1
Affirmation in Opposition 2
Memorandum of Law in Opposition 3
Affirmation and Exhibit in Reply 4
Plaintiff brings her motion seeking to amend her Bill of Particulars to add that the lighting conditions at the time of the accident were inadequate. The Court previously denied defendant's motion for summary judgment. In the Decision and Order on that motion (the "Decision"), the Court noted that "According to the photos submitted to the Court, there may be [*2]a shadow that falls on the pavement from the 'crosswalk.'" The Court further noted that "The photos show that there is one light post on one side of the 'crosswalk,' but none on the other side." The Court also recited some of the relevant deposition testimony: plaintiff testified that "it was dark, so you couldn't see how uneven the surfaces were;" "there's many small trees in that area and because it's dark, we always look to see for safety to make sure that there's not any people that are hiding in the trees or behind the trees because it's very dark." Plaintiff's colleague testified at her deposition that although she was able to see, "she described the lights as being 'Very little. Not a lot. . . . It was dark, though. There was not a lot of light.'"
In the Decision, the Court held that
Although defendant argues that plaintiff cannot rely on this poor lighting "theory" because she failed "to plead this theory of negligence in her complaint or her bill of particulars," and it "is well established in the Second Department, that a plaintiff cannot, for the first time in opposition to a motion for summary judgment, raise a new or materially different theory of recovery against a party from those pleaded in the complaint and the bill of particulars,"[FN1]this case is distinguishable from the cases in which the "new" theory was not allowed. In all of those cases, the issue raised in the opposition papers was not in the pleadings, the bills of particular or, significantly, discussed at the depositions. See, e.g., Karanevich-Dono v. Haas, 231 AD3d 576, 577—78, 220 N.Y.S.3d 19, 21 (1st Dept. 2024) ("That theory of liability was improperly raised for the first time in opposition to defendants' summary judgment motion, and it was not pleaded in the complaint and bill of particulars, nor was it raised as an issue in Dr. Haas's deposition.") (emphasis added). 
In this case, in contrast, both plaintiff and her co-worker testified at their depositions about how dark it was at the site of the accident. (In discussing the lighting, Ms. Arias testified that there was "Very little. Not a lot. . . . It was dark, though. There was not a lot of light."). Defendant was thus on notice, from the time of the depositions, that its liability was predicated on the allegedly dangerous condition caused by the height differential on a dark night.
The case of Noller v. Peralta, 94 AD3d 833, 833—34, 941 N.Y.S.2d 703, 705 (2d Dept. 2012) is instructive. In that case, although "plaintiffs failed to allege in their complaint the violation of that duty and did not specify it in their bill of particulars," defendants were on notice that an ordinance "would likely be asserted as a basis for liability" because "at a deposition of the Town's Building Inspector, the applicability of the ordinance was raised." See also Sousie v. Lansingburgh Boys and Girls Club Inc., 291 AD2d 619, 620, 738 N.Y.S.2d 396 (3d Dept. 2002) ("Plaintiff . . . clearly testified that it [*3]was 'black' at the bottom of the stairs. Indeed, according to plaintiff, had she been able to see the bottom step, she would not have fallen. Plaintiff's daughter . . . similarly averred that 'it was very dark in the area' of the stairs. Additionally, a disinterested witness . . . "averred that as plaintiff 'was near the bottom of the steps, it was very dark because the light was out. It was very hard to see.' Plaintiff's testimony, coupled with these eyewitnesses' averments, created an issue of fact as to whether the stairway was sufficiently illuminated that evening.").
Now, on this motion, defendant argues that although plaintiff should have justified her motion with "special and extraordinary circumstances," here, she "has offered no circumstances, let alone special or extraordinary ones, which justify her failure to add an inadequate lighting theory to her bill of particulars prior to close of discovery. Rather, Plaintiff's counsel's only explanation for not pleading an inadequate lighting theory is mere inadvertence." Defendant also asserts that it will be prejudiced if the inadequate lighting theory is added because "Sarah Lawrence formulated its litigation strategy, conducted discovery, and moved for summary judgment based on the theories of liability actually pled. . . To allow Plaintiff to assert a new theory of liability at this juncture precludes Sarah Lawrence from adequately defending against that theory during discovery and prior to moving for summary judgment." Defendant further asserts that "What is more, plaintiff's papers do not include any evidence establishing the merit of her proposed amendment other than subjective characterizations. Plaintiff has offered no photographs of the lighting conditions at night and no affidavit from a lighting expert."
The Court begins with the last argument. While it is true that plaintiff offered no photographs of the lighting at night, defendant is able, on any night, to observe the lighting conditions.[FN2]
Defendant controls the location and thus cannot be prejudiced by there being no photographs. Next, as the Court observed in the Decision, both plaintiff and her co-worker testified at their depositions about the adequacy of the lighting at the time of the accident. While the lighting conditions should have been in the Bills of Particular, defendant is certainly not blindsided by the assertion of inadequate lighting.
As the Second Department explained in the case of Cioffi v. S.M. Foods, Inc., 178 AD3d 1015, 116 N.Y.S.3d 68 (2d Dept. 2019), "leave to amend a bill of particulars may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant. Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine." Id. at 1016, 116 N.Y.S.3d at 70. See also Tuapante v. LG-39, LLC, 151 AD3d 999, 1000, 58 N.Y.S.3d 421, 422—23 (2d Dept. 2017) ("Leave to amend a bill of particulars may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant."). 
Here, as the Court held in the Decision, the inadequacy of the lighting was raised by two witnesses, one of whom was a non-party. This is not a new theory (although counsel should have included it in the Bills of Particular). Nor is this case on the eve of trial. Indeed, this action must first have a Settlement Conference before it can even be sent to the Trial Assignment Part. If defendant wishes to obtain an expert or examine the lighting, it may do so. This will obviate any potential prejudice. 
The motion is thus granted.
The foregoing constitutes the decision and order of the Court.
Dated: June 17, 2025
White Plains, New York
HON. LINDA S. JAMIESON, J.S.C.
Justice of the Supreme Court

Footnotes

Footnote 1:The Court notes that plaintiff has filed a motion to amend her bill of particulars. This motion is not yet returnable. "Leave to amend a bill of particulars may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant. In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom." Achee v. Merrick Vill., Inc., 208 AD3d 542, 543, 173 N.Y.S.3d 46, 48 (2d Dept. 2022).

Footnote 2:The Court queries whether an expert is necessary, since the adequacy of lighting is a subjective consideration. What may be adequate for a person who is young or who has excellent vision may be inadequate for someone who is older or who has poorer vision. In any event, this is an issue for a jury.